IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLA BREEZE and WAYNE DECKER,

    **Plaintiffs,**

vs.                                                      No. CIV 05-0653 RB/KBM

UNITED STATES OF AMERICA,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5), filed on August 22, 2005. Jurisdiction arises under 28 U.S.C. § 1346(b). Having reviewed the submissions of the parties and the relevant law, I find that this matter should be transferred to the United States District Court for the Southern District of New York for further consideration.

**I. Background.**

Plaintiffs were out of the country when terrorists attacked the World Trade Center on September 11, 2001. When the towers collapsed, dust, ash, and particulate matter settled on the surrounding area, including the Tribeca Tower where Plaintiffs resided. After they returned to their apartment on September 20, 2001, Plaintiffs began to get sick. Plaintiffs' symptoms included sore throat, migraine headaches, continual coughs, upper respiratory problems, asthma, irritated and watering eyes, sinus infections, nose bleeds, and post traumatic stress. Plaintiffs allege that their symptoms were caused by the dust and ash that settled in and around their apartment.

The EPA assured Plaintiffs that it was safe to remain in their apartment. On February 3, 2002, Plaintiffs had their apartment tested for the presence of hazardous chemicals and materials. The tests indicated that unsafe levels of various toxins existed in the apartment. Plaintiffs moved out of their apartment in October 2002.

On February 19, 2004, Plaintiffs submitted administrative claims to the United States, which were denied. In their Complaint filed herein, Plaintiffs allege negligence, intentional misrepresentation and fraud, and negligent misrepresentation.

Defendant contends that the case should be dismissed for lack of subject matter jurisdiction. Specifically, Defendants argue that exclusive jurisdiction over this matter vested in the Southern District of New York (SDNY) pursuant to the Air Transportation Safety and System Stabilization Act of 2001 (ATSSSA), 49 U.S.C. § 40101, and that the case should be dismissed rather than transferred to the SDNY because Plaintiffs filed untimely administrative claims.

**II.     Standard.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows dismissal of a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). When a party challenges the allegations supporting subject matter jurisdiction, the court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). In such a case, reference to evidence outside the pleadings does not necessarily convert the motion to a summary judgment motion under FED. R. CIV. P. 56. *Holt*, 46 F.3d at 1003.

**III.    Discussion.**

The ATSSSA provides that the SDNY "shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from, or relating to, the terrorist-related aircraft crashes of September 11, 2001." *See* ATSSSA § 408(b)(3). Congress' principal goals were to provide relief without litigation to individuals harmed as a result of the September 11 attacks and to limit the liability of entities that were likely to be sued for injuries suffered in connection with the attacks. *In re WTC Disaster Site*, 414 F.3d 352, 377 (2nd Cir. 2005). The legislative history indicates that Congress intended to consolidate the adjudication of all such causes of action in the SDNY. *Id*.

Claims of injuries from inhalation of air rendered toxic by the fires, smoke, and pulverized debris caused by the terrorist-related aircraft crashes of September 11 are claims "resulting from" and "relating to" those crashes. *In re WTC Disaster Site*, 414 F.3d at 377. Plaintiffs' claims plainly fall into this category. Plaintiffs alleged that they were sickened by dust and ash that settled in and around their apartment as a result of the terrorist attacks. Plaintiffs' alleged injuries are a direct result of the September 11 attacks and, their causes of action result from, and relate to, the September 11 attacks. Accordingly, this court lacks jurisdiction because exclusive jurisdiction over this matter is vested in the SDNY. *See* ATSSSA § 408(b)(3).

Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action "if the transfer is in the interest of justice." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). Plaintiffs' cause of action would be time-barred if it were dismissed and they filed a new proceeding in the SDNY, a factor which the courts have recognized as militating in favor of

3

transferring in the interest of justice. *Id*. However, a court is authorized to consider the consequences of a transfer by taking "a peek at the merits" to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is "clearly doomed." *Id*. (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999)).

An FTCA claim against the federal government must be "presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Federal law governs the point at which a claim accrues under the FTCA. *Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003). The general rule for accrual of an FTCA claim outside the medical malpractice context is the "injury-occurrence rule." *Cannon v. United States*, 338 F.3d 1183, 1190 (10th Cir. 2003). An FTCA tort claim accrues on the date of the injury's occurrence. *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267-68 (10th Cir. 2002). A different rule, the discovery rule, applies only in exceptional cases where a reasonably diligent plaintiff could not immediately know of the injury and its cause. *Id*. at 1268. In such cases, an FTCA claim accrues at the time when a reasonably diligent plaintiff would have known of the injury and its cause. *Id*. at 1267.

When the towers collapsed on September 11, 2001, dust, ash, and particulate matter settled on the surrounding area, including Plaintiffs' apartment. Plaintiffs allege that they fell ill after they returned to their apartment on September 20, 2001. On February 3, 2002, Plaintiffs had their apartment tested for toxins by an environmental laboratory. (Def. Ex. 1.) A laboratory report was issued on March 6, 2002, indicating the presence of toxins in Plaintiff's apartment. Construing the allegations in the light most favorable to Plaintiffs indicates that the claims may not be time barred. The Court does not wish to raise false hopes or waste judicial resources. However, I find that this matter should be transferred to the SDNY as I do not believe that the cause is "clearly doomed."

4

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5), filed on August 22, 2005, is **DENIED** because I find that the jurisdictional defects may be cured by transfer to the United States District Court for the Southern District of New York.

**IT IS FURTHER ORDERED** that this matter is transferred in the interests of justice to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1631.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**